### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**STEPHEN AGUIAR,**                       )
                                          )
    **Plaintiff,**    )
                                          )
    **v.**             )    **Civil Action No. 14-0240 (ESH)**
                                          )
**DRUG ENFORCEMENT ADMINISTRATION,** )
                                          )
    **Defendant.**      )
_____ )

### <u>ORDER</u>

Having reviewed defendant's motion for summary judgment, plaintiff's opposition

thereto, defendant's reply, and the existing record, the Court finds that it requires additional

information from defendant before it can rule on the pending motion.

First, the Court cannot determine from the existing record whether the Drug Enforcement

Administration ("DEA") has conducted an adequate search for the four administrative subpoenas

sought by plaintiff in FOIA Request No. 14-0362-P.  According to the existing record, plaintiff

sent a letter to the DEA, dated April 28, 2014, that requested:

    1.    One January 2009 DEA subpoena issued for my 617-549-2915 phone.
    2.    One March 2009 DEA subpoena issued for my Experian credit report.
    3.    One April 2009 DEA subpoena issued for my Equifax credit report.
    4.    One April 2009 DEA subpoena issued for my Trans-Union credit report.

(*See* Decl. of Katherine L. Myrick, Apr. 7, 2015, Ex. BB.)  By letter dated May 7, 2014, the

DEA acknowledged receipt of this request and assigned it FOIA Request No. 14-0362-P.  (*Id.*,

Ex. CC.)  The DEA's letter stated that it would process the request, although it might be delayed

due the DEA's backlog**.**  (*Id.*)  Plaintiff responded with a letter, dated May 12, 2014, "to clarify .

. . the limited scope of [his] FOIA request."  (*Id.*, Ex. DD.)  By letter dated July 28, 2014,

plaintiff inquired as to the status of this request.  (*Id.*, Ex. EE.)  To date, it does not appear that

the DEA has formally responded to this request or given any reason for its failure to respond.

Second, the Court cannot determine from the existing record (1) whether the google mapping software the DEA used to create images from the GPS tracking data is, in fact, "proprietary software," or (2) whether there is any legally recognized FOIA exemption that would prevent the DEA from producing an actual copy of the CD with the GPS tracking data without including a copy of the proprietary software.

Accordingly, it is hereby

**ORDERED** that by **August 3, 2015**, defendant shall file a supplemental declaration that demonstrates that it has adequately searched for the four administrative subpoenas sought in FOIA Request No. 14-0362-P.[1]  If an adequate search has not yet been conducted, the DEA shall conduct such a search and produce any responsive records prior to filing its supplemental declaration.  In addition, the declaration shall identify the google mapping software used by the DEA to create images from the GPS tracking data, the nature of the DEA's license to use that software, and identify any legally recognized FOIA exemption that would prevent the DEA from producing a copy of the CD with the GPS tracking data but without including a copy of the mapping software.

**SO ORDERED**.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   July 20, 2015

---

[1] Although the declaration filed by the DEA suggests that its earlier search in August-September 2013 for "administrative subpoenas" in the two investigative files maintained by the Burlington Vermont Residence Office would be the same search it would conduct if it were to look specifically for the four administrative subpoenas now sought by plaintiff (*see* Myrick Decl. ¶¶ 46-49, 54-58), it does not clearly establish that fact.