UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEPHEN AGUIAR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-0240 (ESH) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

On September 30, 2015, the Court granted defendant's motion for summary judgment on all issues except "the issue of whether the mapping software sought by plaintiff is an agency record." (Order, Sept. 30, 2015 [ECF No. 39].) The Court deferred ruling on that issue "to allow defendant to supplement the record by filing an affidavit from someone with personal knowledge that supports the description of the mapping software in its legal briefing, in particular that the software is a commercially available mapping software and that the terms upon which the DEA obtained the software preclude it from sharing it with other end users." (*Id.*) The Court also directed defendant to mail a copy of the CD with the GPS tracking data to plaintiff and to notify the Court when it had done so. (*Id.*)

On November 10, 2015, defendant filed a supplemental declaration and notified the Court that it had mailed plaintiff with a copy of the CD with the GPS tracking data on October 21, 2015. (*See* Def.'s Notice of Compliance with Court's September 30, 2015 Order, Nov. 10, 2015 [ECF No. 43] & Exhibit 1 thereto (Supplemental Decl. of Katherine L. Myrick, Nov. 10, 2015 [ECF No. 43-1]).) Plaintiff filed a response that confirmed he had received the CD, but also reported that he had been unable to read the information due to the absence of the necessary

software on the inmate computer in conjunction with prison regulations that limit his ability to access a mapping program via the Internet.   (Pl.'s Mot. to Reconsider Interlocutory Order at 2, Nov. 19, 2015 [ECF No. 44].)   Thus, in the event the Court concludes that the DEA's mapping software is not an agency record, plaintiff seeks an order directing the government to provide him with "a means to read the unreadable data" on the CD.   (*Id*. at 3.)   Noting that the DEA and the Bureau of Prisons are both part of the Department of Justice, plaintiff contends that the computer located in the Unit Manager's office at the prison is "essentially the U.S. Department of Justice's property," giving this Court "authority to ensure that [p]laintiff is able to read the data provided by [d]efendant."   (*Id*.)

On the question of whether the GPS mapping software is an agency record, the supplemental declaration states the following:

> 7.   Both the field office that conducted the investigation and surveillance of plaintiff, and the DEA office responsible for the procurement of surveillance equipment and systems were contacted with regard to plaintiff's request.
>
> 8.   The response from both offices was that DEA was not in possession or control of any system or software that was responsive to plaintiff's request.

(Supp. Myrick Decl. ¶¶ 7-8.)   Defendant's declaration. albeit for reasons different than those contemplated by the Court's Order, is sufficient to establish that the GPS mapping software used by the DEA at plaintiff's criminal trial is not an agency record.   Accordingly, defendant is entitled to summary judgment on that one remaining issue.

As for plaintiff's request that the Court order the government to provide him with a means to read the CD, the Court does not have the power to issue such an order in this FOIA case.   As noted, the DEA has fully complied with its obligations under the FOIA.   *See, e.g.*, *Sample v. Bureau of Prisons*, 466 F.3d 1086, 1089 (D.C. Cir. 2006) ("Once BOP, in its role as FOIA respondent, has provided the records [sought by plaintiff], its FOIA obligation is

2

complete.")   Once the FOIA case is resolved, the fact that plaintiff is unable to access that information in the manner he wishes due to prison restrictions is not a matter that can be addressed by this Court.  *See id.* ("If BOP – in its role as [plaintiff's] custodian – then decides to limited or prohibit access to the material, any question raised by that decision is not before us."). Accordingly, plaintiff's motion asking the Court to reconsider its September 30, 2015 Order will be denied.

A separate Order accompanies this Memorandum Opinion.

/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   November 24, 2015